UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

ORDER and

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * * *

Ronald L. Boyer and
Rubiry M. Boyer,

Plaintiffs,

vs.

Curtis Aljets, District
Director INS - Bloomington
Service Office, Jane Doe,
INS Examiner - Bloomington
Service Office, and
Jill Schreiner, Missouri
Service Office,

Defendants. Civ. No. 00-2150 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 20th day of February, 2001.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(A), upon the Plaintiffs' Motion for a Preliminary Injunction, for permission to proceed in forma pauperis, and for the Appointment of Counsel, and upon the Defendants' Motion to Dismiss or, in the alternative, for

11 (12)

FILED FEB 20 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENT'D
DEPUTY CLERK

Summary Judgment. The Plaintiffs appear pro se, and the Defendants appear by Mary Jo Madigan, Assistant United States Attorney.

For reasons which follow, we recommend that the Plaintiffs' Motion for a Preliminary Injunction, and their Motion to proceed in forma pauperis, be denied, as moot, and that the Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment, be granted. Further, we deny the Plaintiffs' Motion for the Appointment of Counsel.

## II. Factual and Procedural History

On December 15, 1997, the Plaintiff Ronald L. Boyer ("Boyer") filed, with the Immigration and Naturalization Service ("INS"), a Petitioner for Alien Relative, as well as an Application for Employment Authorization, and an Application for Permanent Residence, on behalf of his wife, Plaintiff Rubiry Boyer ("Ms. Boyer"). Ms. Boyer is citizen of Venezuela, and was married to Boyer on June 5, 1997. Boyer was incarcerated at the time that the couple were married, and he remains so today.

On August 22, 2000, the INS denied the Boyer's Petition for Alien Relative, finding that the Plaintiffs did not meet their burden of proof in establishing that their marriage was bona fide. Thereafter, on September 18, 2000, the Plaintiffs' filed their current action, pursuant to Title 28 U.S.C. §1331, and Title 8 U.S.C. §1329. They assert that the INS procedure, with respect to

investigating the validity of marriages to prison inmates in general and, more specifically, their conduct in investigating the validity of the Plaintiffs' marriage, violated their right to procedural and substantive due process, as well as the constitutional protections afforded prison marriages by the Supreme Court's decision in Turner v. Safley, 482 U.S. 78 (1987). The Plaintiffs' seek the following relief: a preliminary injunction halting the deportation of Ms. Boyer; a Declaratory Judgment finding that a) their procedural due process rights were violated, b) the Defendants are estopped from finding that their marriage is not bona fide, and c) the INS policy on prison marriages is unconstitutional; a new marriage interview where both husband and wife are present; and costs associated with bringing this action. See, Complaint, at 17-19.

On December 6, 2000, however, after receiving new evidence and investigating the case further, the INS issued a Notice of Approval of Relative Immigration Visa Petition. See, Exhibit B to Memorandum in Support of Defendants' Motion to Dismiss or for Summary Judgment ("Defendants' Memorandum"). Thus, the Defendants have moved to have the case dismissed as moot. The Plaintiffs contest that Motion, however, claiming that the case is not rendered moot, as the Defendants are "free to return to [their] old ways." See, Plaintiffs' Motion in Opposition to Dismiss or for Summary Judg-

ment, at 6, citing United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953). The Plaintiffs do admit, though, that the approval of the Alien Relative Petition does moot their Motion for a Preliminary Injunction. See, Plaintiff's Memorandum, at 11. Therefore, we recommend that the Plaintiffs' Motion for a Preliminary Injunction be denied, as moot. Moreover, as we do not agree with the Plaintiffs' assertion that this case has not been mooted, since the Defendants could resume their prior acts, we also recommend that the Defendants' Motion to Dismiss or, in the Alternative for Summary Judgment, be granted.[1]

III. Discussion

A. Standard of Review. Article III of the United States Constitution restricts Federal Courts to the adjudication of actual

---

[1]In the alternative, the Plaintiffs request that, if we grant the Motion to Dismiss the case as moot, we should award them costs and attorney's fees, as a prevailing party, in accordance with 42 U.S.C. §1988. See, Plaintiffs' Motion in Opposition to Defendant Aljets' Motion to Dismiss or for Summary Judgment, at 11, citing St. Louis Fire Fighters Ass'n v. St. Louis, Mo., 96 F.3d 323, 330-31 (8th Cir. 1996)(providing for the award of attorney's fees when the filing of a case, which is rendered moot by action of the Defendant, is the catalyst for the Defendant's actions).

While noting that the Plaintiffs' have filed a Motion to Amend the Complaint, and without deciding whether the Plaintiffs' do indeed qualify as a "prevailing party" under Title 28 U.S.C. §1988, we still conclude that the Plaintiffs are not entitled to the costs they request. Section 1988 is a fee shifting provision. However, under Section 1988, attorney's fees are not available for a pro se litigant, whether or not he or she is also an attorney. See, Kay v. Ehrler, 499 U.S. 432, 433 (1991).

"cases" and "controversies." The principle of "mootness" is among several doctrines -- such as ripeness, standing, and the involvement of a political question -- which have developed to inform and define the "case or controversy" requirement. See, Allen v. Wright, 468 U.S. 737, 750 (1984); Neighborhood Transp. Network, Inc. v. Pena, 42 F.3d 1169, 1172 (8th Cir.1994)("Federal courts are courts of limited jurisdiction and can only hear actual 'cases or controversies' as defined under Article III of the Constitution."). As the Supreme Court has frequently explained, if events before or after the initiation of a lawsuit have resolved the issues, then a Federal Court decision, on those issues, will not have any effect, thus rendering any decision an impermissible advisory opinion. See, e.g., Princeton Univ. v. Schmid, 455 U.S. 100, 103 (1982). This requirement applies to all stages of the litigation, see, Neighborhood Transp. Network, Inc. v. Pena, supra, and "applies with equal force to actions for declaratory judgment as it does to actions seeking traditional coercive relief." Marine Equip. Management Co. v. United States, 4 F.3d 643, 646 (8th Cir.1993).

There are a few exceptions to the mootness doctrine, however. For example, cases which are "capable-of-repetition-yet-evading-review" are not subject to the doctrine. See, Spencer v. Kemna, 523 U.S. 1 (1998); Roe v. Wade, 410 U.S. 113, 125 (1973) ; Clark v. Brewer, 776 F.2d 226, 229 (8th Cir. 1985). This exception applies,

however, "only in exceptional situations, where the following two circumstances [are] simultaneously present: (1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again * * *." Hickman v. Missouri, 144 F.3d 1141, 1142 (8th Cir. 1998), citing Spencer v. Kemna, supra. Moreover, in some cases, voluntary action by a defendant, which would otherwise cause the case to become moot, does not have such an effect.

> [V]oluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot. A controversy may remain to be settled in such circumstances, e.g., a dispute over the legality of the challenged practices. The defendant is free to return to his old ways. This, together with a public interest in having the legality of the practices settled, militates against a mootness conclusion.

See, United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953); see also, City of Mesquite v. Alladin's Castle, Inc., 455 U.S. 283, 289 (1982); Steele v Van Buren Pub. Sch. Dist., 845 F.2d 1492, 1494 (8th Cir. 1988).

Even under this exception, the case may, nonetheless, be moot if the defendant can demonstrate that "there is no reasonable expectation that the wrong will be repeated." This burden is a heavy one. See, Steele v. Van Buren, supra; Allen v. Likins 517 F.2d 532, 535 (8th Cir. 1975).

B. Legal Analysis. The Plaintiffs believes that the exception expressed in United States v. W.T. Grant Co., supra, saves their case from being dismissed as moot. We disagree. The INS has approved the Plaintiffs' Petition for Alien Relative, and has issued the Notice of Approval of Relative Immigrant Visa Petition. Thus, it appears that the INS has accepted the Plaintiffs' marriage as a valid one, or else the Petition for an Alien Relative would not have been granted.

The Plaintiffs argue, however, that the INS can resume their allegedly illegal practices, and they point to a caveat provided on the Approval Notice, which states:

> Note the approval gives no assurance that the beneficiary will automatically be found eligible for visa issuance, admission to the United States or adjustment to lawful permanent resident status. Whether the beneficiary gets a visa is decided only when an application is made to a consular officer; whether the beneficiary is admitted or adjusts status in the United States is decided only when an application is made to an immigration office.

Exhibit B to Defendants' Memorandum.

However, the Plaintiffs action was directed toward the Defendants' treatment of their marriage, and the procedure used by the Defendants in determining whether their marriage was bona fide. The Defendants have now determined that the Plaintiffs' marriage is bona fide, as evidenced by the granting of the Petition for an Alien Relative. Therefore, the Plaintiffs' case is moot. Thus, we

recommend that the Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, be granted, as to the claims contained in their current action.[2]

---

[2]We note that, on February 13, 2001, the Plaintiffs filed a Motion to Amend the Complaint. While we do not express any opinion on the disposition of that Motion, as it is not now before us, we nonetheless observe that the Motion would not impact upon our reasons for the recommendation we make.

The Plaintiffs have also filed a Motion to proceed in forma pauperis, and for the Appointment of Counsel. Although we would usually recommend that these Motions be dismissed, as moot, because of the pendency of the Plaintiffs' Motion to Amend their Complaint, we are obliged to address the merits of these two Motions. As for the Motion to proceed in forma pauperis, because the Plaintiffs appear to have already paid their filing fee, when they filed their Complaint, we recommend that the Motion be denied as moot.

As for the Motion for the Appointment of Counsel, it is well-established that this Court has no authority to compel legal counsel to assume the representation of the Plaintiffs, but merely has the discretionary authority to request an attorney to assume such representation. See, Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296 (1989); Scott v. Tyson Foods, Inc., 943 F.2d 17 (8th Cir. 1991). Central to the exercise of such discretion is a determination by the Court "that the Plaintiff as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984); see also Plummer v. Grimes, 87 F.3d 1032, 1033 (8th Cir. 1996)("A district court is to decide whether the plaintiff and the court will substantially benefit from the appointment of counsel * * *").

In exercising this discretionary authority, the Court must carefully weigh the factual and legal complexities of the case, the capability of the Plaintiff to investigate the facts and to present his claims, and the existence of conflicting evidence. See, McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996); Plummer v. Grimes, supra; Swope v. Cameron, 73 F.3d 850, 852 (8th Cir. 1996); Edgington v. Missouri

(continued...)

THEREFORE, It is --

ORDERED:

That the Plaintiffs' Motion for Appointment of Counsel [Docket No. 8] be DENIED.

AND, It is --

RECOMMENDED:

1. That the Plaintiffs' Motion for Preliminary Injunction [Docket No. 2] be denied, as moot.

2. That the Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment [Docket No. 5] be granted, as to the claims contained in their current action.

---

(...continued)
Department of Corrections, 52 F.3d 777, 780 (8th Cir. 1995); Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

After reviewing these factors, we find the issues here to be quintessentially uncomplicated both in their legal and factual components. Although there may be conflicting evidentiary contentions, their full exploration before the Court will not require the skillful and practiced questioning techniques associated with representation by legal counsel. Undoubtedly, the Plaintiffs' lack of legal knowledge will present some disadvantages, in terms of the requisite time and effort that may be attendant to the presentation of their claim, however, upon our review of the submissions which they have submitted to the Court thus far, we are satisfied that they possesses the capacity to develop and articulate the grievances which are presented by their Complaint.

Accordingly, at this preliminary juncture, we deny the Plaintiffs' Motion for an appointment of counsel but, upon a proper showing, the Plaintiffs may subsequently renew the Motion should the circumstances so warrant.

3. That the Plaintiffs' Motion to proceed _in forma pauperis_ [Docket No. 8] be denied, as moot.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 9, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 9, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.